IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO L. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:25-cv-01002 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| PEPSICO, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

Pending before the Court[1] is the report and recommendation (Doc. No. 15, "R&R") of the

Magistrate Judge, which recommends that the motion to dismiss (Doc. No. 9, "Motion") filed by

Defendant, PepsiCo, Inc., be denied. (Doc. No. 15 at 1). No objections to the R&R have been filed

and the time for filing objections has now expired. [2]

Absent any objection to the background section (regarding the factual background and

procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that

section in its entirety and includes it here for reference:

I. **Background**

A. **Factual Background**

Plaintiff, Antonio L. Griffin ("Griffin"), was hired by the Defendant,
Pepsico, Inc. ("Pepsi") on September 24, 2024. (Doc. No. 1.) Griffin claims that
shortly after he was hired, his supervisors began harassing him. *Id.* Griffin

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who
authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file
any written objections to the Recommendation with the District Court. The R&R was filed on March 27,
2026. As of May 1, 2026, Defendant has not filed any objections.

claims that the harassment began because he reported one of his supervisors, Daniel Fredenburg, for a failure on the assembly line. *Id.* This report resulted in Griffin getting poor marks on his 30-day evaluation. *Id.* Griffin "escalated" his concerns by reporting the incident to another supervisor. *Id.* Upon his second report, Griffin claims that several of his supervisors banded together and engaged in a pattern of harassment by giving him negative marks on his later performance reviews and mishandling his paycheck. *Id.* Griffin contends that his job performance was exemplary as he "consistently completed his daily loads and often did extra loads for the next day." *Id.* Griffin alleges that he "repeatedly reported harassment and retaliation to HR representative Kay Roberts by text." *Id.* On December 18, 2024, Griffin dropped off a "written note under HR's door reporting the retaliation." *Id.* Griffin was terminated on December 24, 2024. *Id.*

**B. Procedural History**

On May 19, 2025, Griffin filed a charge of discrimination with the EEOC alleging that he was unlawfully discharged based on his race and color in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 10-1.) On June 4, 2025, the EEOC ultimately found no cause to continue the investigation and issued a Notice of Right to Sue letter. (Doc. No. 1-1.) On September 3, 2025, Griffin filed his complaint. (Doc. No. 1.) Pepsi was served on September 9, 2025 (Doc. No. 7) and filed the instant motion on September 30, 2025. (Doc. No. 90.) Griffin filed a response (Doc. No. 12), and Pepsi replied. (Doc. No. 13.) This matter is ripe for decision.

(Doc. No. 15 at 1-2). The Magistrate Judge concluded that Defendant's Motion should be denied.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions

of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 15) is adopted and approved. Accordingly, Defendant's Motion (Doc. No. 9) is **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE